CORNELIUS C. VERMEULE *vs.* YORK CLIFFS IMPROVEMENT COMPANY.

York.     Opinion April 16, 1909.

*Principal and Surety.     Action by Surety against Principal.     Same*
*Maintainable, When.*

It is well settled in Maine that in an action by a surety against his principal it is necessary for the plaintiff to prove that he has paid the debt or discharged the principal for the amount which he seeks to recover, in order to maintain his action.

When a surety on a contract in which the principal is liable, either pays the debt for which he has become liable or extinguishes it so that it is no longer a debt against the principal, the law implies a promise on the part of the principal to reimburse the surety for the amount paid by him.

The plaintiff, a resident of New Jersey, brought an action against the defendant, a domestic corporation in the State of Maine, to recover money paid out by him for the use and benefit of the defendant. The defendant had needed for its use the sum of $10,000 for which sum on November 24, 1897, it executed and delivered a demand note payable to the order of John D. Vermeule, a resident of New York City. Upon the note was this endorsement: "This note is given to be held by John D. Vermeule as collateral security for moneys to be advanced by him to York Cliffs Improvement Company to pay its outstanding bills payable, accounts payable and current expenses." Also upon the note was this further endorsement: "I hereby assume liability for all money to become due or to be secured by this note to the extent of 11-27 of the entire amount. C. C. Vermeule." John D. Vermeule, having advanced payments upon the note whereby C. C. Vermeule became liable upon his contract, on the 24th day of September, 1901, brought suit in the Supreme Court of New Jersey against him for his proportion of the amount due and on the 12th day of June, 1906, recovered judgment against him upon which execution was issued and delivered to the sheriff for levy. Upon the rendition of said judgment, C. C. Vermeule filed in an equity suit then pending in the Chancery Court, New Jersey, for a co-partnership accounting, in which he was plaintiff, and John D. Vermeule was the defendant, a prayer for an injunction to restrain the collection of the judgment and the levying of the execution, whereupon he was required by decree of the court to deposit with it the sum of money due upon the execution, to be held to await the determination of the bill and further order of the court. The deposit was made by C. C. Vermeule

as required, and, at the date of his writ in the case at bar, the bill had not been determined and no further order had been made, the money deposited still remaining in the custody of the court.

*Held:* 1. That the defendant company is discharged of its liability upon its note to the amount paid into court by the plaintiff and that he has paid the note pro tanto.

2. That the said payment in court is regarded as a deposit for the payment of a judgment which is as conclusive upon the plaintiff as if he had paid the money on the execution.

3. That the action in the case at bar was not prematurely brought.

On report.   Judgment for plaintiff.

Assumpsit on account annexed to recover $5,694.01 paid by the plaintiff for the use and benefit of the defendant, as surety on a certain note given by the defendant.   The writ also contained the common counts for money expended.   Plea, the general issue, with a brief statement alleging as follows:

"That no money or other value has ever been received by defendant, or paid by the plaintiff for the use of the defendant; but that a judgment was obtained in favor of one John D. Vermeule against the plaintiff in the Supreme Court of the State of New Jersey for the sum $5,601.82 with costs, June 12th, 1906, and execution issued thereon:—that thereafter the plaintiff filed in the Court of Chancery of New Jersey a bill in equity containing a prayer for injunction to restrain the collection of said judgment and the levying of said execution,—whereupon said plaintiff was required by said court to deposit with it said sum of money to be held to await the determination of said bill and further order of said court; that plaintiff did so deposit said sum, and that said bill has not been determined, and no further order made by said court, nor has this defendant ever received, nor does it now have, any possession, use or control of said sum or any part thereof, but said sum still remains on deposit in said Court as aforesaid."

When the action came on for trial, an agreed statement of facts was filed and the case was reported to the Law Court for decision.

The case is stated in the opinion.

*Geo. F. & Leroy Haley,* for plaintiff.

*George C. Yeaton,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SPEAR, J.   This is an action brought by Cornelius C. Vermeule against the York Cliffs Improvement Company to recover the sum of $5,694.01 for so much money paid by the plaintiff for the use and benefit of the defendant corporation.   The plaintiff is a resident of the State of New Jersey and John D. Vermeule is a resident of New York City.   The defendant is a domestic corporation of the State of Maine.   The writ contains the common counts for money paid and expended with an account annexed of the following tenor.

"York Cliffs Improvement Company,
to Cornelius C. Vermeule, Dr.

To money paid August 1, 1906, as surety on your note dated the 24th day of November 1897.     $5,694.01."

The facts upon which this plaintiff seeks to recover are these: The York Cliffs Improvement Company required for its use the sum of $10,000 for which sum on November 24, 1897, it executed and delivered a demand note payable to the order of John D. Vermeule. Upon the note was this endorsement:   "This note is given to be held by John D. Vermeule as collateral security for moneys to be advanced by him to York Cliffs Improvement Company to pay its outstanding bills payable, accounts payable and current expenses." Then appears the further endorsement:   "I hereby assume liability for all money to become due or to be secured by this note to the extent of 11-27 of the entire amount.     C. C. Vermeule." There is another endorsement upon the note of similar import but immaterial in the discussion of this case.

Now it appears that John D. Vermeule, having advanced payments upon the note whereby C. C. Vermeule became liable upon his contract, on the 24th day of September, 1901, brought suit in the Supreme Court of New Jersey against him for his proportion of the amount due.   On the 12th day of June, 1906, John D. Vermeule recovered judgment against C. C. Vermeule upon which execution was issued and delivered to the sheriff for levy.

Prior to the date of this judgment, C. C. Vermeule had filed a bill in equity in the Court of Chancery for the city of New Jersey wherein he claimed among other things, that John D. Vermeule had been, and was, a co-partner with himself; that their final accounts had never been settled; and praying for an accounting and settlement of the alleged co-partnership affairs. This bill was pending when the above judgment and execution were issued.

Upon the rendition of the judgment at law C. C. Vermeule, the defendant in that suit, filed in the equity suit, in which he was plaintiff, a prayer for an injunction to restrain the collection of the judgment and the levying of the execution, whereupon he was required by decree of the court to deposit with it the sum of money due upon the execution, to be held to await the determination of the bill and further order of the court. The deposit was made by C. C. Vermeule as required and, at the date of his writ in the present suit against the defendant corporation, the bill had not been determined and no further order had been made, the money deposited still remaining in the custody of the court. Upon making the deposit C. C. Vermeule took the following receipt.

"Whereupon the said C. C. Vermeule did pay and deposit in court the sum of $5,694.01, as appears by the record of the clerk of said court, as follows:

IN CHANCERY OF NEW JERSEY.

"Between

CORNELIUS C. VERMEULE, Complainant,

and

JOHN D. VERMEULE, et al., Defendants.

On Bill etc.

Received, this first day of August, one thousand nine hundred and six, of Cornelius C. Vermeule, through McCarter & English, his solicitors, the sum of five thousand six hundred and ninety-four dollars and one cent ($5,694.01), being the amount due at this time from the said Cornelius C. Vermeule, complainant above named, to John D. Vermeule, the defendant, upon a judgment

VOL. CV 23

obtained in the New Jersey Supreme Court on the twelfth day of June, nineteen hundred and six, in a case therein pending, wherein the said John D. Vermeule was plaintiff, and the said Cornelius C. Vermeule was defendant."

Upon this state of facts the plaintiff in the present action contends that the case shows a complete discharge of the defendant company for that proportion of the defendant's note for which he became surety. On the other hand the defendant claims that inasmuch as the bill in equity has not been finally determined and no further order of the court made in regard to the disposal of the deposit, the defendant's liability upon the note is not discharged since it says it has never received and does not have any possession, use or control of, the amount deposited or any part thereof.

It is well settled in this State that in an action by a surety against his principal it is necessary for the plaintiff to prove that he has paid the debt or discharged the principal for the amount which he seeks to recover, in order to maintain his action. *Ingalls* v. *Dennett*, 6 Maine, 79; *Emery* v. *Hobson*, 62 Maine, 578, also *Davis* v. *Smith*, 79 Maine, 351. When upon such a contract in which the principal is liable, the surety either pays the debt for which he has become liable or extinguishes it so that it no longer is a debt against the principal, the law implies a promise on the part of the principal to reimburse the surety for the amount paid. Therefore the sole question in the case at bar is, had the plaintiff paid the debt for which he became surety, or by his act extinguished it as a liability of the principal?

We are of the opinion that upon the facts reported, the defendant company is discharged of its liability upon its note to the amount paid into court by the plaintiff and that he has paid the note pro tanto. The facts clearly show that in the equity court no question whatever is raised respecting the validity of the judgment against C. C. Vermeule as surety upon the note of the defendant corporation. Nor is any question made that the amount so paid was to be accounted for in payment of the judgment. C. C. Vermeule's receipt for the deposit unquestionably concedes the validity of the judgment and the amount due upon it. He

specifically says, "being the amount due at this time . . . . to John D. Vermeule . . . upon a judgment obtained in a New Jersey supreme court," etc.

"The defendant, however, upon the effect of the deposit presents the issue precisely as we understand it, namely : "This necessarily implies that the money thus alleged to have been so paid must have passed completely beyond control of, and the possibility of any return to, the plaintiff, and at the same time must have passed into the actual possession of, or for the use and benefit of, the defendant.

"Now what has occurred? Has either the plaintiff thus parted with his money or defendant thus received it, for its use or benefit? Neither. Non constat yet what would become of the money."

We are unable to agree with the defendant's analysis. We see no way in which the judgment against C. C. Vermeule can be attacked. We regard the payment in court, as a deposit for the payment of a judgment which is as conclusive upon C. C. Vermeule as if he had paid the money upon the execution. The only difference between the deposit and such payment being, that the money due upon the judgment of John D. Vermeule may be distributed according to the decree of the equity court but as the property of the latter. The fact that this money may under the order of the court be paid to the creditors of John D. Vermeule, or to C. C. Vermeule in the settlement of the co-partnership affairs, in no way changes the effect of the judgment against C. C. Vermeule, as a payment by him as surety upon the defendant's note. We think it does appear, as a matter of law, that the plaintiff has paid the amount of money, for which he seeks to recover, for the use and benefit of the defendant company, and that it is fully discharged from liability upon the note to the amount of such payment. The entry therefore should be,

*Judgment for the plaintiff for $5,694.01 and interest from August 1, 1906.*